In the Matter of JOHN DUFFY, Respondent, v TINA DUFFY, Appellant. [689 NYS2d 274] —Yesawich Jr., J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered December 4, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody and visitation.

In January 1997, the parties, who are the parents of a girl born in 1993 (hereinafter the child), and while not represented by counsel, agreed to entry of an order which provided for joint custody, with respondent having physical custody. In June 1997, petitioner sought to have Family Court modify that order so as to grant him physical custody. Following a fact-finding hearing, Family Court determined that the changed circumstances as educed at the hearing warranted the modification requested. Respondent appeals.

We affirm. A custody arrangement should be altered when it is demonstrated that there has been such a change in circumstances that modification of the arrangement is necessary to ensure the continued best interests of the child (*see, Matter of Royea v Hutchings*, 260 AD2d 678, 680; *Matter of Russo v Russo*, 257 AD2d 926, 927; *Matter of Sullivan v Sullivan*, 216 AD2d 627). Among the factors to be considered when making such a determination are the duration of the present arrangement (*see, Matter of Williams v Williams*, 188 AD2d 906, 907), the parental guidance furnished, the quality of the respective

home environments and each parent's ability to provide for the child's emotional and intellectual development (see, Eschbach v Eschbach, 56 NY2d 167, 172; Matter of De Losh v De Losh, 235 AD2d 851, 853, lv denied 89 NY2d 813).

Here, the custody arrangement had been in place for less than six months prior to petitioner's request for the change in custody. Moreover, the record discloses that although respondent, by agreement of the parties, had been awarded physical custody, it was in fact petitioner who had physical custody of the child. Indeed, until respondent unilaterally changed the arrangement (and severely curtailed petitioner's visitation), respondent had been leaving the child in petitioner's care from four to seven days each week for at least six months prior to the filing of the petition. Moreover, petitioner, whose parenting skills are not questioned, provided the child with a quality home environment and a predictable daily routine which offered her the stability important to growth and development.

By contrast, Family Court concluded that because of respondent's "transient lifestyle * * * and * * * work schedule", she had less time to provide for the child's needs and a less stable home environment. In this latter regard, the record reveals that respondent and the child, along with respondent's other two children, would spend several evenings per week at the home of respondent's boyfriend. This change in sleeping accommodations, routine and scheduling prompted Family Court, not unfairly we think, to observe that "there will be some instability in [the child's] life if she continues to reside with her mother". In view of the foregoing, we cannot say that Family Court's determination awarding physical custody to petitioner (and very liberal visitation to respondent) was not supported by a sound and substantial basis in the record (see, Matter of Alice A. v Joshua B., 232 AD2d 777, 779).

Mikoll, J. P., Mercure, Crew III and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.