■ In the Matter of Florence Crawson, Respondent, v Malcolm Crawson, Appellant. [692 NYS2d 799] —Yesawich Jr., J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered May 20, 1998, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' children.

In 1992, petitioner, the primary caregiver, was awarded sole legal custody of the parties' three children, two girls and a boy (born in 1984, 1986 and 1990) and respondent was awarded visitation rights. In 1995, Family Court, albeit with some dubiety, approved the parties' stipulation modifying the 1992 order so as to provide for joint custody of the children with respondent's home as their primary residence and granting petitioner visitation. At the time of the stipulation, petitioner was moving to Delaware in search of a higher grade of employment so that she could better provide for the children. She assented to the change in custody on the advice of counsel, who told her that she would not be permitted to move the children to Delaware. In September 1997, petitioner filed a modification petition, requesting sole legal custody of the children and

permission to relocate them to Delaware. At the conclusion of a hearing, Family Court granted the petition and this appeal followed.

Respondent maintains that the proof educed at the hearing supported neither modification of the existing custody arrangement nor the children's relocation to Delaware. We disagree. Alteration of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the continued best interests of the children (*see, Matter of Royea v Hutchings*, 260 AD2d 678). The duration of the present arrangement, the parental guidance furnished, the quality of the respective home environments and each parent's ability to provide for the child's emotional and intellectual development are among the factors to be considered in making this determination (*see, Eschbach v Eschbach*, 56 NY2d 167, 172; *Matter of Russo v Russo*, 257 AD2d 926, 927).

Here, the present arrangement has been in place for a comparatively brief period of time, prior to which petitioner had sole legal custody of the children and during the marriage she was their primary caregiver. Additionally, petitioner enjoys a close relationship with the children. Moreover, a significant change in circumstances has occurred since the 1995 stipulation. Petitioner has obtained employment, doubling her income to $26,000 annually, and has acquired a three-bedroom home for herself and the children. During this period, while in respondent's care, the children, with his acquiescence, have been subjected to ill-advised disciplinary practices by respondent's live-in girlfriend. The record reveals that she has hit the children, pulled their hair and, on one occasion, threw an ashtray at the youngest child. Further, as a form of punishment for slamming doors, the children's bedroom doors would be removed for weeks at a time. This behavior, coupled with respondent's attempts to interfere with petitioner's relationship with the children by, *inter alia*, preventing her from attending a school event, convinces us that petitioner is better suited to provide for the well-being and growth of the children, such that modification of the custody arrangement is in their best interests.

By the foregoing proof, petitioner has also carried her burden of establishing by a preponderance of the evidence that relocation would be in the children's best interests (*see, Matter of Tropea v Tropea*, 87 NY2d 727, 741; *Matter of Burr v Emmett*, 249 AD2d 614, 614-615), particularly absent any indicia that the proposed relocation would negatively impact upon respon-

dent's relationship with his children (*see, Matter of Tropea v Tropea, supra*, at 740-741).

Mercure, Crew III and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.