◼ In the Matter of DEBORAH A. HENION, Respondent, v ERIC K. HENION, Appellant. (And Another Related Proceeding.) [699 NYS2d 815] —Mugglin, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered November 13, 1998, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for permission to relocate with the parties' children out-of-State.

The 17-year marriage of petitioner and respondent was terminated by a judgment of divorce dated October 17, 1997. Incorporated but not merged therein was the written separation agreement of the parties which, *inter alia*, provided for joint custody of their two children, Timothy, born in 1986, and Casey, born in 1987. The primary residence of the children was to be with petitioner and respondent was to have visitation as the parties mutually agreed. The agreement also provided that before petitioner could relocate the residence of the children outside of the boundaries of New York, the prior written consent of respondent must be obtained. In the event that respondent refused to authorize the relocation, petitioner was authorized to petition the appropriate Family Court for an order authorizing the requested relocation.

In May 1998, petitioner acquired a Master's degree in Health Services Administration. An employment search throughout

Broome County and in several locales in Pennsylvania failed to result in employment. While vacationing in North Carolina, petitioner employed the services of an employment agency to conduct a nationwide search for employment opportunities in the health services field. In August 1998, petitioner was offered a position with Martha Jefferson Home Care in Charlottesville, Virginia, as a health promotion specialist with an annual salary of $31,000, plus additional benefits. Following acceptance of this employment and being unable to obtain respondent's consent to relocate the children to Virginia, petitioner filed a petition in Broome County Family Court seeking judicial approval. Following a one-day trial, Family Court granted the petition and authorized petitioner to relocate to Virginia with the two minor children providing for extensive periods of visitation for respondent. Respondent now appeals claiming that Family Court failed to consider the appropriate factors pronounced in *Matter of Tropea v Tropea* (87 NY2d 727).

Since we find no reason to disturb the conclusions of Family Court, we affirm. The record clearly establishes that Family Court considered the factors relevant to deciding the petition to relocate minor children and properly determined that petitioner established by a preponderance of the evidence that the proposed relocation was in the best interests of the children. Respondent contends that the relocation is predicated primarily on petitioner's desire to have a "fresh start" and would result in an unwarranted interference with respondent's ability to continue the meaningful relationship he has with his children. While it is not controverted that respondent has a deep love and affection for his children and has continued a meaningful relationship with them through the exercise of consistent regular periods of visitation, this is simply one factor in reaching a determination with respect to relocation. We note that petitioner has essentially been unemployed since 1987 and that respondent's current financial circumstances are limited. Notwithstanding his limited income, respondent continues to fulfill his obligations with respect to child support and health insurance. Petitioner's evidence with respect to the school system in Charlottesville, Virginia, is uncontested. Additionally, we observe that petitioner conducted a nationwide search for employment opportunities and none were located within New York. Respondent proffered no evidence that such positions were currently available within New York.

Finally, we are convinced that the mother's flexible attitude toward extended periods of visitation and her willingness to bear the expenses associated with the transportation of the

children encourage the continuation of the meaningful relationship developed between respondent and his children. Under all of the circumstances herein, we find no basis to disturb Family Court's determination.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.