■ In the Matter of DAWN C. HRUSOVSKY, Respondent, v CHARLES BENJAMIN, Appellant. [710 NYS2d 198] —Lahtinen, J. Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered August 4, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

Petitioner and respondent, who were never married, are the parents of a son born in 1991. The parties ended their relationship before the child was born, petitioner moving from the area where the parties had been together. Respondent had little, if any, contact with the child during this time. Some four years after the child's birth, petitioner returned to Steuben County and proceeded to establish respondent's paternity for Medicaid purposes. Respondent petitioned for custody resulting in an October 1995 order of the Steuben County Family Court award-

ing the parties joint custody of the child, physical placement to petitioner and visitation to respondent. In April 1996, as a result of petitioner's plan to leave the area with her fiancé so he could secure employment, the parties agreed that respondent should temporarily have physical custody of the child. In September 1996, an order maintaining joint legal custody but granting respondent physical custody and petitioner liberal and reasonable visitation was signed by Steuben County Family Court, even though the child had been living with respondent since April 1996.

Petitioner and her now husband settled in Virginia and in September 1997 she petitioned Steuben County Family Court for modification of the September 1996 order seeking physical custody of the child. The proceeding was transferred to the proper venue, Chemung County, where respondent and the child lived, and tried before Family Court. The court conducted two in camera interviews with the child (*see, Matter of Lincoln v Lincoln*, 24 NY2d 270). In a comprehensive decision Family Court found that the child's best interest would be served by awarding physical custody to petitioner and permitting the child to move to Virginia; the court maintained joint legal custody and granted respondent liberal visitation, establishing minimum visitation periods. Respondent now appeals.

We affirm. It is well settled that an established custody arrangement will be altered only upon a showing that there has been a change in circumstances which will ensure the continued best interest of the child (*see, Matter of Thompson v Thompson*, 267 AD2d 516; *Matter of Decker v Wilson*, 266 AD2d 749; *Matter of Crawson v Crawson*, 263 AD2d 656; *Matter of Duffy v Duffy*, 260 AD2d 960; *Matter of Royea v Hutchings*, 260 AD2d 678). The court's focus must be whether a custody determination can be deemed to be in the best interest of the child (*see, Eschbach v Eschbach*, 56 NY2d 167, 171) and the court must consider a myriad of factors in making such a modification determination, including the duration of the current arrangement (*see, Matter of Williams v Williams*, 188 AD2d 906, 907), the parental guidance furnished, the quality of the respective home environments, each parent's past performance, and each parent's ability to provide for and guide the child's emotional and intellectual development (*see, Matter of White v White*, 267 AD2d 888, 889; *Matter of Crawson v Crawson, supra*, at 657; *Matter of Royea v Hutchings, supra*, at 679).

In light of these factors, our review of the record reveals that Family Court's determination to award physical custody of the child to petitioner has a sound and substantial basis in the rec-

ord (*see, Matter of Duffy v Duffy, supra*, at 961) and we find no reason not to accord that court great deference due to its opportunity and ability to assess the credibility of the witnesses (*see, Matter of Thompson v Thompson, supra*, at 518). Contrary to respondent's claim on appeal, we do not find that Family Court erroneously engaged solely in a "relocation" analysis (*see, Matter of Burr v Emmett*, 249 AD2d 614, 614-615) or an incomplete review of the applicable "modification" factors (*see, Matter of Moreau v Sirles*, 268 AD2d 811, *lv denied* 95 NY2d 752). Family Court's comprehensive decision reflects a thorough discussion of the relevant factors related to facts appearing in the record.

We note the prior custody orders between these parties were agreed upon by them, thus affording them less weight than if they had resulted from a plenary trial (*see, Matter of Machukas v Wagner*, 246 AD2d 840, 841, *lv denied* 91 NY2d 813), and respondent did not flatly deny that the agreed-upon transfer of physical custody in 1996 was a temporary arrangement. While the record supports Family Court's finding that the child has a loving relationship with both parties and the new person in each of their lives, we find no flaws in Family Court's assessment of the living and work environments of each parent and their new households, which appeared to be determinative. Respondent's work unfortunately does not permit him the time with the child which is important to his son, and respondent's extended family business, operating a bar, has resulted in incidents involving the child which can best be described as inappropriate. The record supports the finding that at this juncture in his life the child needs to establish himself and his own identity and that this would best be accomplished by residing the majority of the time with petitioner. Moreover, the foregoing proof is also sufficient to establish that relocation with petitioner would be in the child's best interest (*see, Matter of Tropea v Tropea*, 87 NY2d 727, 741; *Matter of Crawson v Crawson*, 263 AD2d 656, 657, *supra*).

Lastly, we note that Family Court appeared to summarize the child's testimony from the two *Lincoln* hearings, and we take this opportunity to reiterate that the child's right to confidentiality (*see, Matter of Lincoln v Lincoln*, 24 NY2d 270, *supra*) should remain paramount absent a direction to the contrary (*see, Matter of Sellen v Wright*, 229 AD2d 680, 681-682).

Crew III, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.