■ In the Matter of CHARLES SHEPARD, Respondent, v SHERI ROLL, Appellant. [717 NYS2d 783] —Lahtinen, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered August 16, 1999, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

Petitioner and respondent, who never married, had two children during their four-year relationship, a son born in 1991 and a daughter born in 1994. After the parties ended their relationship the children resided with respondent. In February 1997 the parties consented to an order granting them joint legal custody of the children, with petitioner having physical custody of their son and respondent having physical custody of their daughter.

In September 1997 petitioner sought modification of the prior order requesting physical custody of their daughter, alleging that the two children need each other and should not be separated and that the daughter complained of being abused in her mother's home by her older stepbrother. After a hearing, including a Lincoln hearing with the children and the older stepbrother, Family Court awarded sole custody of both children to petitioner, finding that "keeping the children together

in petitioner's household will serve their best interests at this time." The court also set forth an extensive visitation schedule for respondent, declining to continue joint custody due to the "mutual strife and bitterness" existing between the parties. Respondent appeals.

On appeal respondent argues that petitioner failed to demonstrate a sufficient change in circumstances warranting modification of the split custody arrangement previously agreed to by the parties, petitioner's interference with respondent's relationship with their daughter demonstrated that modification was not in that child's best interest, and Family Court erred in allowing the testimony of respondent's psychologist and in hearing this case due to his familiarity with relatives of petitioner.

Custody considerations require a court to make every effort to determine the best interests of the children (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of Robert GG. v Kathleen HH.*, 273 AD2d 713), and modification of an existing custody arrangement requires evidence establishing a change in circumstances such that the continued best interests of the children are ensured (*see, Matter of Bodrato v Biggs*, 274 AD2d 694, 695; *Matter of Duffy v Duffy*, 260 AD2d 960, 961). Factors to be considered in making such a determination include the duration of the present custody arrangement, relative fitness of each parent, the quality of the home environment and the parental guidance provided the children (*see, Eschbach v Eschbach, supra*, at 172; *Matter of Morgan v Morgan*, 261 AD2d 725, 727; *see also, Matter of Farnham v Farnham*, 252 AD2d 675, 676). In reviewing a court's modification decision we must give "great deference" to Family Court "due to its opportunity and ability to assess the credibility of the witnesses" (*Matter of Hrusovsky v Benjamin*, 274 AD2d 674, 676; *see, Matter of Donahue v Buisch*, 265 AD2d 601, 603). The split custody arrangement existing at the time of the commencement of this proceeding also requires consideration of the general policy of our courts against the separation of siblings (*see, Matter of Ebert v Ebert*, 38 NY2d 700, 704).

Our review of the record leads us to conclude that Family Court's determination to reunite the children in petitioner's household and terminate joint legal custody has a sound and substantial basis (*see, Matter of Hrusovsky v Benjamin, supra*, at 676; *Matter of Duffy v Duffy, supra*, at 961). The living conditions in respondent's home were chaotic as evidenced by the periodic or unexpected residence of respondent's 16-year-old stepdaughter, an 18-year-old unrelated male who worked with

respondent's husband and the 18-year-old's younger sibling. Moreover, there was proof of domestic violence in respondent's household, and she admittedly had a difficult time disciplining their son and could not prevent incidents of inappropriate play between the parties' children and her stepson. In contrast, Family Court found that the living conditions in petitioner's home were more positive and petitioner was the more involved parent, capable of assisting in his children's emotional and intellectual growth. The record also revealed a relationship of love and affection between separated brother and sister.

While Family Court found both parties to be caring and intelligent persons, we agree with its determination that the overall best interests of these children would be served by being together in petitioner's household, with the support of petitioner and a caring stepmother who appears to have bonded with both children. The record also provides a sound and substantial basis for Family Court's termination of the joint custody arrangement as it is replete with incidents demonstrating the deterioration of the relationship of the parties and their inability to agree on what was best for the children (see, Matter of Gaudette v Gaudette, 262 AD2d 804, 805, lv denied 94 NY2d 790).

Respondent's remaining arguments are also unavailing. Family Court did not err by permitting respondent's psychologist to testify in contravention of the psychologist-patient privilege (see, CPLR 4507) as that privilege has been held to have been waived by a party actively contesting the issue of custody (see, Baecher v Baecher, 58 AD2d 821, lv denied 43 NY2d 645). Finally, respondent's request that we consider the propriety of Family Court's decision to hear this matter after the court's sua sponte revelation that it was acquainted with petitioner's father-in-law and mother prior to testimony is wholly without merit. Not only did respondent continue with this proceeding without objection, thereby precluding our review of this issue (see, Matter of Brian QQ., 166 AD2d 749, 750), Family Court's indication that such acquaintances would not influence its decision reveals that the court examined its personal conscience on this issue and its decision to proceed cannot be said to be an abuse of discretion (see, e.g., People v Moreno, 70 NY2d 403, 405-406).

Crew III, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.