■ In the Matter of BARBARA GLASER, Appellant, v PATRICK McFADDEN, Respondent. [731 NYS2d 576] —Spain, J. Appeal from an order of the Family Court of Saratoga County (Catena, J.H.O.), entered January 11, 2000, which, *inter alia*, granted respondent's application, in a proceeding pursuant to Family Court Act article 6, for a modification of a prior order of custody.

Petitioner and respondent were married in 1987 and separated in 1998. They have three children: a son born in 1989, a daughter born in 1991 and a second son born in 1994. In 1989, after the birth of their first child, they relocated from Long Island to the Town of Saratoga, Saratoga County. Respondent, a self-employed carpenter, earned an average net income of $12,000 to $14,000 a year. Petitioner, a college graduate and Army veteran, held a part-time position in the National Guard and worked as a certified child care provider. During their marriage, specifically between 1990 and 1998, the parties encountered financial difficulties which led to the family's receipt of various forms of public assistance. The parties were experiencing marital problems and separated in October 1998 after an incident in the marital home which resulted in respondent's admission to the mental health unit of a local hospital for several days.

In March 1999, the parties appeared in Family Court and consented to an order of custody and visitation. Pursuant to that order—dated April 28, 1999—the parties retained joint

custody of the children with primary physical custody to petitioner, visitation to respondent, and both parties were prohibited from removing the children from New York without the consent of the other party. As petitioner had been offered a three-month assignment to a full-time position with the National Guard in Virginia for which she would be well paid, the parties agreed that during petitioner's absence, respondent would have temporary primary physical custody of the children in the marital residence from March 1999 through June 1999. According to petitioner, she had unsuccessfully requested a local, full-time military assignment and accepted the out-of-State assignment, loath to receive public assistance again for herself and the children. In June 1999, petitioner accepted a one-month extension of her Virginia assignment, continuing the children in the temporary physical custody of respondent. In response, respondent petitioned Family Court for a modification of the April 1999 custody order seeking primary physical custody of the children. Petitioner cross-petitioned—as custodial parent—seeking permission to relocate the children to Virginia, where her temporary assignment had been extended and, according to petitioner, would be made permanent.

At a hearing held before Family Court in October 1999, it was established that the children have lived in the same home almost their entire lives, have attended the same school and are each involved in extracurricular activities. Petitioner testified that respondent had a "mental breakdown" in August 1998 which required hospitalization, that he has not been able to adequately support his family on his low income, and that working full time with the National Guard will give her the opportunity to earn upwards of $47,000 per year plus generous benefits. Respondent testified that petitioner's focus has been on her military career and not on the children, and that he is the more caring and involved parent. He testified that, despite their low household income, the children had been adequately housed, fed and clothed, and petitioner unfairly kept him out of the family home and limited his access to the children through an order of protection from the time that he got out of the hospital, in early September 1998, until the day of the custody agreement, in March 1999.

The child psychologist who had been treating the children since December 1998 testified that while the children were well cared for by both parents, they should not be moved from their school or from their nonschool activities and would be far better off if they stayed in New York with respondent. Notably,

a court-ordered psychological evaluation of the parties and their children was completed but, without any explanation in the record, was not considered by Family Court in making its determination. After the hearing, Family Court modified the prior order by granting respondent's petition for primary physical custody of the children with visitation to petitioner and denied and dismissed petitioner's cross petition to relocate the children. Petitioner now appeals.

Upon review of the record as a whole and according due deference to the factual findings by Family Court (*see, Matter of Janus v Janus*, 239 AD2d 712, 713), we will not disturb its determination to deny petitioner's request for permission to relocate with the children to Virginia. We agree that, despite the opportunity for petitioner to improve their economic situation, the totality of the circumstances in this case dictates that the best interests of the children will be best served by keeping them in their stable surroundings and in the family home in Saratoga County (*see, Matter of Tropea v Tropea*, 87 NY2d 727). A move out of State would effectively sever the close ties the children have with their father, their community and their school. Further, petitioner's assertion that her requested relocation of the children was economically necessary is undermined by the uncertainty regarding the permanence of her position in Virginia, the lack of any evidence that—at the time of the hearing—the children were not adequately clothed or fed or were in danger of losing their home, despite their modest household income and, finally, by petitioner's failure to establish any genuine effort on her part to find a local full-time job either in the military or the private sector. As such, Family Court properly denied petitioner's request to relocate the children to Virginia.

Turning to respondent's petition for custody of the children, it is well established that the modification of an existing custody arrangement will not be made unless there is a showing that there has been "a change in circumstances which reflects a definite need for modification to ensure the best interests of the children" (*Matter of Thompson v Thompson*, 267 AD2d 516, 517; *see, Matter of Hrusovsky v Benjamin*, 274 AD2d 674; *Matter of Duffy v Duffy*, 260 AD2d 960). Among the numerous factors which must be reviewed when making such a determination are the duration of the present custody arrangement (*see, Matter of Williams v Williams*, 188 AD2d 906, 907), " 'the quality and stability of the respective home environments and each parent's past performance, relative fitness and ability to provide for and guide the [children's] intellectual and

emotional development' " (*Matter of Thompson v Thompson,* *supra,* at 518, quoting *Matter of Perry v Perry,* 194 AD2d 837). When the existing custody arrangement arises out of a stipulation between the parties, that arrangement "is entitled to less weight than a disposition after a plenary trial" (*Matter of Carl J. B. v Dorothy T.,* 186 AD2d 736, 737).

Here, Family Court made no separate findings and conducted no separate analysis with respect to the change in circumstances asserted by respondent. Instead, the court reviewed the cross petitions together, solely invoking a relocation/best interests analysis. The court essentially denied petitioner's relocation request and then granted custody to respondent without finding a change in circumstances warranting modification. Significantly, a key factor to the proper resolution of respondent's petition for a modification of the existing custody order is petitioner's uncontroverted sworn testimony that she would, in fact, return to Saratoga County if her return were necessary to retain custody of the children. The bulk of respondent's proof concentrated on his opposition to petitioner's request to move the children to Virginia; indeed, stability considerations were the primary focus of Family Court's written decision which found both parents to be fit. Although the court correctly concentrated its relocation analysis on the best interests of the children (*see, Matter of Tropea v Tropea,* 87 NY2d 727, *supra*), that analysis turned on the expected detrimental impact on the lives of the children *if the move were allowed,* rather than on any change in circumstances reflecting a need for a change in custody. In our view, a custodial parent's mere request to relocate with the children is not—in and of itself—a sufficient basis upon which to change custody where, as here, that parent has agreed to abandon relocation plans if keeping the children in their existing environment is necessary to retain custody (*cf., Matter of Burnham v Basta,* 241 AD2d 628, *lv denied* 90 NY2d 812).

Accordingly, we deem it appropriate to remit this matter to Family Court for an analysis of the proof presented at the hearing as it relates to the alleged change in circumstances. Upon remittal, the court may deem it appropriate to take further proof regarding any factor relevant to a change in circumstances, in particular, petitioner's willingness to return to Saratoga County as well as any developments occurring since the court's initial determination. In the meantime, pending Family Court's final determination on remittal, respondent shall maintain temporary physical custody of the children subject to the conditions and visitation to petitioner as set forth in the order appealed from.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted respondent's petition; petition denied, respondent is awarded temporary physical custody of the children with temporary visitation to petitioner and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.