■ In the Matter of JOSEPH S. JOHNSON, Appellant, v DEBRA LOCIGNO, Respondent. [735 NYS2d 830] —Rose, J. Appeal from an order of the Family Court of Cortland County (Avery, Jr., J.), entered October 30, 2000, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

The parties, who never married, are the parents of a daughter born in 1994. The child, who resided with respondent and a man other than petitioner since birth, did not learn that petitioner was her biological father until September 1999, when Family Court, upon consent of the parties, entered an order granting petitioner limited visitation and telephone contact with the child. Petitioner subsequently applied for, inter alia, modification of the order to. grant him sole custody of the child. Following a fact-finding hearing, Family Court dismissed petitioner's application to modify custody, and he now appeals.

Based upon our review of this record, we conclude that petitioner did not make the required showing that, due to a change in circumstances, an alteration of the existing arrangement is necessary to ensure the best interest of the child (*see, Matter of Thompson v Thompson*, 267 AD2d 516, 517; *Matter of Duffy v Duffy*, 260 AD2d 960). While the existing order was the result of the parties' agreement and is, therefore, only one factor to be considered in deciding whether a change in custody is warranted (*see, Matter of Machukas v Wagner*, 246 AD2d 840, 841, *lv denied* 91 NY2d 813), Family Court also had before it evidence of the duration of the present custody arrangement, the guidance furnished by the respective parents, the quality of the home environments and each parent's ability to nurture the child's emotional and intellectual development (*see, Matter of Hrusovsky v Benjamin*, 274 AD2d 674, 676; *Matter of Thompson v Thompson, supra*).

Considering these factors in light of the hearing evidence, we find that Family Court's determination not to modify the existing order by awarding custody of the child to petitioner has a sound basis in the record (*see, Matter of Hrusovsky v Benjamin, supra*, at 675-676).

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.