■ In the Matter of DAVID A. LATTUCA, Respondent, v SANDRA J. NATALE-LATTUCA, Appellant. [740 NYS2d 477] —Lahtinen, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered October 22, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

The parties to this proceeding were married in 1993 and have one child, a son born in December 1995. They separated in September 1997 and, in February 1998, entered into a comprehensive stipulation in Family Court (Berke, J.) which resolved the issues of custody and visitation.[1] Respondent also stipulated that she would remain in Saratoga County with the child for three years and petitioner stipulated to waive his right to object to respondent's relocation to the City of Rochester, Monroe County, with the child after the three-year period.

In March 2001, petitioner filed the instant modification petition, seeking physical custody of the child and restricting the child's relocation from the Capital District. He alleged that respondent had prevented him from fostering a loving relationship with the child, had falsely accused him of abuse on several occasions, had denied him summer visitation necessitating court intervention and the child's best interest would not be served by relocating to Rochester. Family Court temporarily enjoined respondent from relocating with the child and, after a hearing on the petition, denied respondent's motion to dismiss the petition and modified the prior order by directing a shared physical custody arrangement requiring the child to live with each party in alternating months and enjoining respondent from relocating with the child outside of Saratoga, Albany or Rensselaer Counties without the court's consent. Respondent now appeals.[2]

The paramount concern in any custody determination is the best interest of the child (see, Eschbach v Eschbach, 56 NY2d 167, 171). An established custody arrangement will be modified only upon a showing that there has been a change in cir-

1. This open court stipulation was reflected in a March 1999 order of Family Court (Nolan, J.), which provided for joint legal custody with primary physical custody with respondent and specific periods of visitation for petitioner.

2. Respondent indicates in her reply brief that petitioner relocated to the Rochester area in January 2002 and argues that Family Court's order directing shared physical custody is now clearly not in the child's best interest. If respondent's allegation is true, her argument would appear to have merit, however, the allegation is dehors the record and, under the circumstances presented here, cannot be considered on this appeal.

cumstances which will ensure the continued best interest of the child (*see, Matter of Grathwol v Grathwol*, 285 AD2d 957, 958; *Matter of Hrusovsky v Benjamin*, 274 AD2d 674, 675). Factors to be considered in a custody modification determination include the quality of the respective home environments, the parental guidance furnished by each party, the length of time of the present custody arrangement, each party's performance under that arrangement and the ability of each party to provide for the intellectual and emotional development of the child (*see, Matter of Hrusovsky v Benjamin, supra* at 675; *Matter of White v White*, 267 AD2d 888, 889). Notably, an existing custody order which was the product of an agreement between the parties and not a plenary trial is but one factor to be considered in determining whether modification of that custody arrangement is warranted (*see, Matter of Johnson v Locigno*, 290 AD2d 735, 735).

The record reveals that Family Court considered the totality of the circumstances (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96) in making its determination. It found both parties to be capable, caring and committed parents who regularly participated in the child's life and provided for the child's educational and emotional development. Family Court also reviewed the parties' behavior under the current custody arrangement and found that petitioner was more likely to support a continued relationship between the child and respondent as opposed to the converse situation, specifically finding that respondent had "engaged in a pattern of conduct to frustrate and alienate the parties' child from his father" and that relocation would not be in the child's best interest and "would only serve to further alienate and dislocate [the child] and his father from each others [*sic*] lives." These findings are supported by the record which reveals that while visitation "exchanges" of the child were fraught with tension created by both parties, respondent unilaterally imposed written demands and conditions on petitioner's visitation and made unfounded accusations of abuse. Furthermore, the record contains credible proof of respondent's attempts to portray petitioner in a less than favorable light to their child and her evasiveness when questioned regarding these actions, substantiating Family Court's finding of alienation and raising a question as to respondent's fitness as a custodial parent (*see, Barbato v Barbato*, 264 AD2d 792; *Matter of Turner v Turner*, 260 AD2d 953, 954). However, Family Court also determined that the effect of respondent's alienation efforts was not yet so manifest to require a change in primary custody. According deference to Family Court's credibility determinations, factual findings and

conclusions (*see, e.g.*, *Matter of Bates v Bates*, 290 AD2d 732, 733; *Matter of Glaser v McFadden*, 287 AD2d 902, 904; *Matter of Grathwol v Grathwol*, 285 AD2d 957, 958, *supra*; *Matter of Thompson v Thompson*, 267 AD2d 516, 518; *Matter of Juliano v Pollack*, 256 AD2d 668, 669, *lv denied* 93 NY2d 803), we find sufficient evidence in the record to justify the court's modification of the prior order of custody.

We also find no reason to disturb that portion of Family Court's determination which enjoined respondent from relocating with the child to the Rochester area[3] as the record reveals that the court performed a relocation analysis by considering the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741) in its determination of the child's best interest. Parenthetically, we reject respondent's argument that Family Court erred by engaging only in a relocation analysis (*see*, *Matter of Glaser v McFadden*, *supra* at 904-905).

However, we disagree with Family Court's ultimate disposition which modified the prior custody order by directing shared physical custody, alternating months of residence with each party and directing that the child's school district shall be the one where petitioner resides, as we find this arrangement would not be in the best interest of this now school-aged child. Family Court's well intentioned disposition subjects this child, whose parents live 40 miles apart, to commute that distance to and from school in Capital District rush hour traffic for five months of the year, putting the child at an additional unnecessary risk.[4] Consequently, we are remitting this proceeding to Family Court as it is in the best position to fashion an appropriate custody and visitation order. Pending further proceedings in Family Court, the December 4, 2001 stay order issued by this Court shall remain in full force and effect.

Finally, we have reviewed respondent's remaining arguments and find them to be without merit.

Peters, J.P., Carpinello, Mugglin and Rose, JJ., concur.

---

3. This case presents an uncommon scenario, where petitioner seeks modification of that portion of the existing custody order which permits respondent to relocate with the child, as opposed to the usual situation where enforcement or vacatur of a nonrelocation clause is sought. However, we agree with Family Court's determination that the petition and its exhibits contained sufficient factual allegations regarding the proposed relocation to warrant a best interests analysis.

4. Indeed, the implementation of Family Court's order pending this appeal was stayed by a December 4, 2001 order of this Court, which provided, inter alia, that physical custody would remain with respondent, petitioner would have specified visitation and the child would remain in the school district where respondent resides.

Ordered that the order is modified, on the facts, without costs, by vacating so much thereof as directed shared physical custody of the child and as directed that the child's school district shall be where petitioner resides; matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.