■ In the Matter of JAMES GRENIER, JR., Respondent, v PAULA ALLEN, Appellant. [745 NYS2d 126] —Rose, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered December 21, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody.

The parties are the unmarried parents of a son, Theron, who was born in November 1996 and thereafter resided with respondent, his mother. In November 1999, upon settlement of their petitions for modification of a prior custody order, Family Court issued an order awarding respondent sole legal and physical custody of Theron, and granting petitioner visitation. In February 2000, petitioner sought modification of the November 1999 order, alleging that, inter alia, respondent had violated his visitation rights. After a full evidentiary hearing, Family Court awarded petitioner sole legal and physical custody of Theron, and granted respondent visitation. Alleging that Fam-

ily Court's award was an abuse of discretion, respondent appeals.

As in any custody determination, the paramount consideration here is the best interest of the child (*see, Eschbach v Eschbach,* 56 NY2d 167, 171), and an existing custody arrangement will be modified only upon proof that there has been a change in circumstances necessitating a modification to ensure the child's best interest (*see, Matter of Bishop v Livingston,* 288 AD2d 703, 704; *Matter of Grathwol v Grathwol,* 285 AD2d 957, 958; *Matter of Hrusovsky v Benjamin,* 274 AD2d 674, 675). The "[f]actors to be considered in making such a determination include the duration of the present custody arrangement, relative fitness of each parent, the quality of the home environment and the parental guidance provided the children" (*Matter of Shepard v Roll,* 278 AD2d 755, 756; *see, Matter of White v White,* 267 AD2d 888, 889). Also, on appeal of a "modification decision we must give 'great deference' to Family Court 'due to its opportunity and ability to assess the credibility of the witnesses'" (*Matter of Shepard v Roll, supra* at 756, quoting *Matter of Hrusovsky v Benjamin, supra* at 676).

In a comprehensive discussion of the relevant factors, Family Court reviewed the parties' existing custody arrangement and rejected much of respondent's testimony as not credible. Finding that respondent's uncontrolled temper, involvement in physical altercations, inability to effectively discipline Theron, disregard for the court's order, and unwarranted interference with petitioner's visitation constituted a change of circumstances adversely affecting Theron, Family Court reasonably concluded that a modification of custody was required to ensure his best interest. These findings and conclusions have a sound and substantial basis in the record and will not be disturbed.

Respondent also argues that Family Court abused its discretion in permitting petitioner to present rebuttal evidence. Although this issue is not preserved for our review, were we to consider it we would find no error in Family Court's exercise of its discretion (*see, Roth v S & H Grossinger,* 284 AD2d 746, 748-749; *Matter of Joshua,* 216 AD2d 749, 752, *lv denied* 86 NY2d 709). Finally, respondent contends that her trial counsel was ineffective. However, respondent's trial counsel elicited testimony concerning the loving relationship between respondent and Theron as well as respondent's efforts to improve her parenting skills, and delivered a cogent closing statement. Since Family Court largely rejected respondent's contentions due to her own lack of credibility, rather than a lack of evidence, we find no merit in her ineffective representation claim.

Mercure, J.P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.