In the Matter of MELISSA DICKERSON, Appellant, v RICH-ARD E. ROBENSTEIN, Respondent. [889 NYS2d 319]—

Malone Jr., J.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of one child (born in 2003). After the parties' separation, they stipulated to an award of joint legal custody and equally shared physical custody of their son. Thereafter, pursuant to a prior modification order, the mother relocated to western Massachusetts while the father remained in Saratoga County.

In March 2008, the mother commenced this proceeding, seeking primary physical custody of the child and permission to relocate with the child to Connecticut to reside with her husband and their child.[1] Following a bench trial, Family Court denied the mother permission to relocate with the child and awarded primary physical custody to the father. The mother appeals.

An existing custody order will be modified only when there is a showing that there has been a change in circumstances that will ensure the continued best interests of the child (*see Matter of Grathwol v Grathwol*, 285 AD2d 957, 958 [2001]; *Matter of*

---

1. The father apparently cross-petitioned for primary physical custody of the child, but that petition was not included in the record on appeal.

*Hrusovsky v Benjamin*, 274 AD2d 674, 675 [2000]). The parties do not challenge Family Court's finding that the child's attainment of school age constitutes a change in circumstances necessitating a modification of the shared physical custody arrangement. Thus, the issue here is whether the child's best interests are served by Family Court's award of primary physical custody to the father. Factors to be considered in making such a determination include the quality of each parent's home environment and their relative fitness to guide the child's intellectual and emotional development and provide for the child's physical needs (*see Eschbach v Eschbach*, 56 NY2d 167, 172-173 [1982]; *Matter of Zwack v Kosier*, 61 AD3d 1020, 1022 [2009], *lv denied* 13 NY3d 702 [2009]).

Here, Family Court found that, although both were loving and committed parents, the father afforded the child more stability and familial support. Family Court noted specifically that the mother's husband was in the military and was only temporarily stationed in Connecticut, which created the possibility of another relocation in the future.[2] Additionally, the mother, who resided in Massachusetts at the time of the trial, offered little testimony regarding her proposed living arrangements in Connecticut, other than indicating that her husband shared an apartment with other military personnel. The father, however, has maintained his residence in the Capital District his entire life. His proximity to the child's extended families also weighed in his favor, especially considering his demonstrated willingness to support and encourage the child's relationship with the mother's relatives. Finally, Family Court noted that the mother withheld certain information regarding the child's medical health from the father, which indicated that the mother was less likely than the father to foster the child's relationship with the other parent. Based on the foregoing, and according deference to Family Court's credibility determinations, the court's determination to award primary physical custody to the father is supported by a sound and substantial basis in the record (*see Matter of Grathwol v Grathwol*, 285 AD2d at 958).

The foregoing also establishes that permitting relocation of the child with the mother to Connecticut would not be in the child's best interest (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]; *Matter of Hrusovsky v Benjamin*, 274 AD2d at 676). Although the mother cited her desire to promote a rela-

---

2. Due to his deployment, the mother's husband did not appear at the trial. However, the mother testified that her husband was committed to the Navy for another two years and that he had not yet decided whether to reenlist at the end of that commitment.

tionship between the child and his half sibling as one reason for seeking the relocation, she offered no evidence that such relocation was necessary to accomplish this goal, or that the relocation was otherwise necessary to enhance the child's economic, emotional or educational welfare (*see Matter of Tropea v Tropea,* 87 NY2d at 740-741). Additionally, the father was able to provide more overall stability to the child and there was no evidence that the child's relationship with his half sibling could not be adequately fostered through visitation arrangements (*see id.;* *Matter of Winston v Gates,* 64 AD3d 815, 816-818 [2009]). Finally, while not binding on this Court, we note that the Law Guardian fully supports Family Court's determination to award primary physical custody to the father and to deny the mother's request for permission to relocate the child to Connecticut.

Mercure, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.