■ ELIZABETH R. BAECHER, Respondent, v JOHN J. BAECHER, JR., Appellant.—In a matrimonial action, defendant appeals from a judgment of divorce of the Supreme Court, Westchester County, dated September 1, 1975. Judgment modified, on the facts, by reducing (1) the award of alimony to the amount of $35 per week and (2) the award of child support to the amount of $30 per child per week for the two younger children. As so modified, judgment affirmed, with costs to respondent. The record amply demonstrates that the defendant husband engaged in a course of conduct which constituted cruel and inhuman treatment endangering the plaintiff-respondent's physical and mental well-being, and thereby rendered it unsafe and improper for her to continue to cohabit with him. The defendant's assertion of the psychologist-client privilege (see CPLR 4507) is without merit. Although, abstractly, the privilege applies in matrimonial proceedings (see *Yaron v Yaron,* 83 Misc 2d 276), in this case the defendant waived his right to the privilege by actively contesting custody, thereby putting his mental and emotional well-being into issue. In addition, the defendant was not significantly prejudiced by the psychologist's testimony, since it was primarily corroborative of testimony by the plaintiff and the two older children. Similarly, by stipulating to its use, the defendant waived any objection to Special Term's use of the confidential probation reports. Nor was there any proof that these reports constituted a major evidentiary basis for the court's determination. A review of these reports indicates that they are largely corroborative of testimony on the issues of divorce and custody. Although the defendant has substantial earning potential, which should be utilized, his current unemployment and work history of nine jobs in five years, cannot be ignored. The modification is not so large that it will allow the defendant to avoid his responsibility to use his actual and potential resources to fulfill his support obligations. Cohalan, J. P., Damiani, Hawkins and Mollen, JJ., concur.

■ FRANK R. BARBARITA, Appellant, v GANNETT COMPANY, INC., et al., Respondents.—In an action to recover damages for libel, plaintiff appeals from an order of the Supreme Court, Putnam County, dated March 24, 1977, which denied his motion to "suppress" a certain change which an employee of defendant Westchester Rockland Newspapers, Inc., made in his deposition or, in the alternative, to continue the deposition of the said employee. Order reversed, without costs or disbursements, and motion granted to the extent that plaintiff may continue the deposition of Joseph M. Ungaro, limited to the question as to which the answer was changed. The continued deposition shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such time and place as the parties may agree. Under the circumstances of this case, plaintiff-appellant should be permitted to continue the deposition to the limited extent indicated herein. Latham, J. P., Shapiro, Suozzi and Mollen, JJ., concur.