## (March 20, 1978)

■ ELIZABETH R. BAECHER, Respondent, v JOHN J. BAECHER, JR., Appellant.—In a matrimonial action in which the plaintiff-respondent was previously granted a judgment of divorce, defendant appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Westchester County, dated December 29, 1976, as granted plaintiff's motion for entry of a money judgment for accrued arrears of alimony, awarded her a counsel fee and denied defendant's cross motion to modify the judgment of divorce and (2) from an order of the same court, dated April 11, 1977, which, *inter alia,* granted the plaintiff exclusive occupancy of the marital home until title to those premises is transferred to a third party and directed the defendant to execute a contract of sale of the marital home for $75,000 or be punished for contempt. Order dated December 29, 1976 modified, on the law, by reducing the amount of accrued arrears from the sum of $1,000 to the sum of $600. As so modified, order affirmed insofar as appealed from. Order dated April 11, 1977 modified by deleting therefrom the following: "that defendant execute a contract of sale for the marital home for $75,000" and by substituting therefor a direction that defendant execute a contract of sale for the marital home upon receipt of the first genuine offer over the sum of $75,000 or that he purchase plaintiff's interest in the property at a price commensurate with such offer. As so modified, order affirmed. Plaintiff is awarded one bill of costs to cover both appeals. Since the alimony and child support provisions of the original judgment of divorce were reduced on a prior appeal to this court *(Baecher v Baecher,* 58 AD2d 821), the order dated December 29, 1976, which directed the entry of judgment for accrued arrears in the sum of $1,000 based on the provisions of the original

judgment of divorce, must be reduced to the amount indicated herein. With regard to the order dated April 11, 1977, the record indicates that several offers have been made to purchase the premises for amounts substantially in excess of the $75,000 referred to in the order under review. The defendant should not be compelled to accept a depressed purchase price. On the other hand, he cannot be allowed to frustrate the expeditious sale of the premises. To insure that the marital premises is sold in an expeditious manner, and at the fairest price, the order under review has been modified to the extent indicated herein. Hopkins, J. P., Suozzi, Margett and Hawkins, JJ., concur.