OPINION OF THE COURT
Bernard F. McCaffrey, J.
The issue involved in this matter is of import not only because it appears to lack any precedent, but even more so, because it goes to the very heart of the present and future effectiveness of the forensic and probation referral procedure utilized by the Nassau County Supreme Court as an aid in the determination of contested custody actions.
Pursuant to this procedure the court, with the consent of the parties and counsel, ordered a forensic evaluation of the parties and infant issue through the Nassau County Department of Mental Health, Division of Forensic Services, and a probation report through the Probation Department of Nassau County.
Subsequently, the reports were reviewed by each counsel under the supervision of Mr. Joseph Sciárrotta, Nassau County Probation Department liaison officer for the Nassau County Supreme Court.
Thereafter, deeming the recommendations contained in the reports to be adverse to the interest of his client, counsel for the defendant wife referred her to a private psychiatrist for examination and evaluation.
*962 The private psychiatrist of defendant now seeks to have made available to him the raw test data and doctors’ notes, and any other material used by the county staff psychiatrist and staff psychologist. The defendant’s private psychiatrist indicates that his purpose in reviewing the requested WAIS, Elletza subtests, TAT, Rorschach, figure drawing, sentence completion psychological tests, and related materials of the county staff physicians, is to determine whether they had sufficient objective justification for their conclusions and recommendations.
It is defendant’s contention that, pursuant to CPLR 3101 (subd [a], par [4]), the staff of the Forensic Division of the Department of Mental Health are hostile witnesses, in that they acted as an agent of the court in performing the tests; and further, they should be deemed “hostile” because of the “negative conclusions as to the defendant” contained in their reports.
Thus, defendant contends that the forensic testing and supporting data is “material and necessary” to the defense of this action, and the court should order discovery pursuant to the “special circumstance” rule of CPLR 3101 (subd [a]), which states in part: “There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of burden of proof, by * * * any person where the court on motion determines that there are adequate special circumstances.”
In the past, it has been generally held that, in order to depose a nonparty witness, it would be necessary to show the witness’ hostility. The court finds that, though the Department of Mental Health, Division of Forensic Services, acts at the direction of the order of the court, it does so in an unbiased impartial manner. Even if their report contains “negative conclusions” as to one of the parties, this does not constitute “hostility” for purposes of discovery under the “special circumstance rule” of CPLR 3101 (subd [a], par [4]). The moving papers are completely devoid of any allegations of acts of hostility, or a showing that, merely because the report contains “negative conclusions as to the defendant”, the Department of Mental Health personnel involved in this matter would be hostile.
*963 However, this court does not base its findings merely on the predicate of a showing of hostility; rather, the court holds that the more appropriate criteria is not whether a witness might be deemed technically hostile, but whether the information sought in pretrial discovery is material and necessary and, thus, relevant for purposes of trial preparation by the defendant.
The general rule of disclosure calls for liberal disclosure unless special circumstances can be shown as to why it should be withheld. (Plancher v Plancher, 35 AD2d 417, affd 29 NY2d 880; Lachoff v Lachoff, 69 Misc 2d 512.)
Discovery and inspection of privileged communications may be granted in custody proceedings, depending upon the circumstances.
In custody matters the sole test is not whether the material is confidential and privileged but, rather, whether the discovery sought is necessary and material to a determination of the custody of a minor child.
In this matter before the court the parties, by stipulation, agreed to a referral to the Nassau County Probation Department for a psychological study and evaluation, and the parties signed a form consent to such studies and report.
When the court ordered the referral of the parties to the Nassau County Probation Department and to the Division of Forensic Services, it did so by order, containing the following direction:
“In this custody matter, parties and counsel have stipulated and consented to an investigation by the Probation Department of Nassau County. The Court requests a full evaluation and a psychiatric and psychological study if needed of all parties the Probation Department deems necessary.
“The written report and copies of all examinations shall be forwarded to this Court. Upon receipt, counsel will be notified and given an opporunity to examine the reports, prior to a hearing. The parties have waived all confidentiality with regard to the contents of these reports, including psychiatric information.”
*964 The court has read the reports in question, and notes that they bear the notation, or warning, on each page, “Privileged and Confidential — For Professional Use Only — This Information not to be Revealed to Patient or Relations”. In addition, prior to undertaking its assignment, the Probation Department obtains its usual authorization of the parties to proceed with its investigation. The standard authorization form, which is signed by the parties in the case, contains the following statement: “All information received is to be submitted by the Probation Department in a report to the Judge and is to be confidential”.
Obviously, the above notations, or warnings, are placed on the material in question because the experience of those conducting the tests reflects that to provide otherwise would adversely affect their ability to conduct adequate tests or counseling sessions.
Thus, it is of note that the order of referral to probation and forensic is upon the consent of all concerned. The continuous supportive utilization of this procedure by the matrimonial Bar is further recognition that these departments act in an impartial and unbiased manner, with their sole objective being to be of assistance to the court, parties and counsel in the resolution of these most difficult types of cases. Furthermore, there is no provision in the stipulation, or order, which would entitle either party to the test results or supporting data, nor was such right to discovery of this test data intended by the court.
In determining the custody of a minor child, the court acts as parens patriae and must base its determination solely upon the best interests of the child.
Also, by agreeing to the stipulation a party may waive any objection to an unlimited access of certain portions of the confidential reports and supporting data. (See Baecher v Baecher, 58 AD2d 821.)
The court further notes that the making available of the raw material utilized by the forensic division would undermine the effectiveness of their services and recommendations, which experience has shown serves as a significant factor in bringing about amicable resolutions of many custody proceedings which, otherwise, would result in lengthy, emotional and traumatic trials.
*965 The raw data notes are but one element in the complex process of an analysis of the psychological dynamics of individual family members and their impact upon one another. There is no separate analysis and evaluation report of the raw material and test data. Furthermore, the raw test material, standing alone, is not relevant, rather, it is the analysis and evaluation made by the particular mental health professional based upon his professional training, knowledge and experience, which along with the series of interviews and staff consultations culminated in the written report submitted to the court and reviewed by counsel.
Thus, it is neither material nor necessary, nor for that matter proper, for the defendant to seek discovery of the notes and raw material test data of the county forensic psychiatrist and psychologist in order to assist the defendant’s private psychiatrist in making his own evaluations and recommendations; nor is it material, necessary or proper for the defendant to seek this data for purposes of having her private psychiatrist “determine whether they had sufficient objective justification for their conclusions and recommendations”, for that is the function of the trial court based upon all of the evidence and testimony taken at the trial. Furthermore, there is nothing to preclude the defendant’s psychiatrist from administering similar tests of the defendant and presenting his own findings and evaluations to the court at the time of trial.
Though there are objections that the needless routine subpoenaing of the professional staff of the Department of Mental Health, Forensic Division, would be counterproductive to the proper performance of this program, nevertheless, there are situations, such as in this instance, where it would be appropriate to subpoena said staff members.
Therefore, defendant’s adequate remedy in this instance would be to subpoena any and all of the professional staff of the Department of Mental Health, Forensic Division, as she deems necessary, along with a directive that they are to bring with them any notes or recommendations, including the results of the psychological tests used or made by them in making their evaluations.
*966 Thus, defendant will in no way be prejudiced and will have full opportunity to cross-examine the professional personnel of the Forensic Division concerning the testing procedure and the bases for their evaluations, conclusions and recommendations.