■ CAROL S. SARDELLA, Appellant, v THOMAS M. SARDELLA, Respondent.—In a matrimonial action, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Fierro, J.), dated April 7, 1986, which granted the defendant's motion to direct her and the parties' daughter to submit to mental examinations, and (2) an order of the same court,

entered July 17, 1986, which denied her motion to permit her attorney to attend the mental examinations directed by the April 7, 1986 order, and for counsel fees.

Ordered that the order dated April 7, 1986, is modified, by (1) deleting the first paragraph thereof, and substituting therefor the following provision: "ORDERED that the motion is granted to the extent that the plaintiff Carol S. Sardella and the child Stephanie Sardella are ordered to submit themselves to mental examinations at the office of a psychiatrist to be appointed by the Supreme Court, Suffolk County", and (2) deleting from the sixth paragraph thereof the words "Accordingly, the motion is granted in its entirety". As so modified, the order dated April 7, 1986, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the purpose of appointing a psychiatrist to conduct the examinations; and it is further,

Ordered that the order entered July 17, 1986, is modified, by granting so much of the plaintiff's motion insofar as it sought permission for the plaintiff's counsel to be present during the plaintiff's mental examination. As so modified, the order entered July 17, 1986 is affirmed, without costs or disbursements.

In view of the court's finding that the mental examinations performed by the Court Consultation Unit were not satisfactory, the court did not abuse its discretion by ordering the plaintiff and the parties' child to submit to a further mental examination (cf. Rosenblitt v Rosenblitt, 107 AD2d 292). However, in our view, the better procedure is to have the examinations performed by a neutral psychiatrist to be selected by the court, rather than by a psychiatrist selected by the defendant. This will eliminate the multiplicity of examinations by the parties' experts which could delay a determination (see, Rosenblitt v Rosenblitt, supra, at pp 295-296).

Moreover, the plaintiff's counsel should be permitted to attend her client's examination (see, Nalbandian v Nalbandian, 117 AD2d 657; Rosenblitt v Rosenblitt, supra, at pp 300-301 [Lazer, J. P., concurring in part and dissenting in part]). In the event that the plaintiff's counsel does attend her client's mental examination, counsel is not to interfere with the conduct of the examination and may act solely as an observer (see, Nalbandian v Nalbandian, supra, at p 658; Rosenblitt v Rosenblitt, supra, at pp 300-301 [Lazer, J. P., concurring in part and dissenting in part]).

We have reviewed the plaintiff's remaining contentions and

find them to be without merit. Mollen, P. J., Brown, Niehoff and Kooper, JJ., concur.