■ In the Matter of DAMIEN P.C., Respondent, v JENNIFER H.S., Appellant. [811 NYS2d 2]—

Order, Family Court, New York County (Helen C. Sturm, J.), entered on or about May 19, 2005, which denied respondent's cross motion for an updated forensic report, unanimously reversed, on the law, without costs, and the motion granted. Petitioner is directed to submit the results of his expert's evaluation to Family Court within 45 days after the date of this Court's order. Order, same court and Judge, entered on or about August 1, 2005, which denied the Law Guardian's motion, in which respondent joined, seeking to preclude rebuttal testimony by petitioner's expert, unanimously affirmed, without costs.

The parties are parents of a five-year-old son and two-year-old daughter. Petitioner father commenced this proceeding after respondent mother relocated the children to Texas in July 2003. An affidavit submitted by the Law Guardian indicates that the parties blamed each other for alienating the children, "marginalized" the other parent and violated "various Court ordered access schedules at whim." In February 2005, Richard Spitzer, the forensic evaluator selected by mutual consent of the parties, informed the court that his report "might" no longer be valid due to the 12 months that had elapsed since the interview process was conducted. Because the father's unconditional consent

could not be obtained, no further evaluation was ordered, and the mother's motion to direct the submission of an updated forensic report ensued. Family Court, noting that the proceedings had been "prolonged," was unconvinced that the "relevant circumstances of the children and the parties have changed" so as to warrant conducting additional interviews at "this late stage of the litigation." Therefore, it denied the motion.

In the interim, the mother moved to preclude evidence from a forensic expert engaged to conduct an assessment of the father on the ground that any proof that might be offered in rebuttal to the testimony given by Richard Spitzer would be "unbalanced." The court denied the motion, stating that it was not necessary to establish that the original forensic report was deficient before permitting the proposed testimony (citing *Rosenblitt v Rosenblitt*, 107 AD2d 292 [1985]).

Prior to submission, this Court denied the father's motion to dismiss the appeal and granted the mother leave to appeal nunc pro tunc. These rulings are law of the case and, as such, we do not reach petitioner's contention that the order permitting rebuttal testimony by his own forensic evaluator is only reviewable after trial. As to the merits, the escalating difficulties between the parents is impacting their young children and constitutes "specific behavior . . . deemed to be in conflict with the children's social, emotional or moral welfare" (*Rosenblitt*, 107 AD2d at 295), supporting the apparent consensus reached among the parents and Law Guardian that further evaluation by the neutral expert is warranted due to the passage of time since interviews were last conducted (*see Sardella v Sardella*, 125 AD2d 384 [1986]). As to the father's proposed rebuttal witness, since the expert's forensic evaluation is to be confined to the father, it has not been shown that a protective order is necessary. Concur—Tom, J.P., Marlow, Gonzalez and Sweeny, JJ.