■ In the Matter of JEAN R. PAESCH, Respondent, v RICHARD L. PAESCH, Appellant.—Casey, J. Appeal from an order of the Family Court of Ulster County (Feeney, Jr., J.), entered May 23, 1986, which awarded custody of the parties' child to petitioner unless respondent moves the residence of the child back to New York State within a certain period of time.

In November 1984 petitioner moved out of the parties' marital home, taking their son with her. The child was apparently dissatisfied with the new living arrangements and with having to attend a new school, so with petitioner's consent he returned to respondent's residence in late December 1984. Shortly thereafter respondent decided to move to Baltimore, Maryland, where his family was located, prompting petitioner to commence this custody proceeding. Respondent and the child moved to Baltimore in January 1985 and have resided there since.

Following hearings on the custody petition at which the parties, a psychiatrist and several other witnesses testified, Family Court concluded that the removal of the child to Baltimore effectively deprived petitioner of regular access to her child and that respondent had no legitimate health, financial, education or employment reason for moving the child. Thus, Family Court granted petitioner's request for custody, with liberal visitation to respondent, unless respondent relocated the residence of the child to New York within a certain period of time. Respondent has appealed from the resulting order. "It is the general policy of this State that a move by the custodial parent to a distant domicile will not be permitted when it would effectively deprive the noncustodial parent of regular access to the child of the marriage (see *Weiss v Weiss,* 52 NY2d 170; *Munford v Shaw,* 84 AD2d 810; *Daghir v Daghir,* 82 AD2d 191, affd 56 NY2d 938; *Strahl v Strahl,* 66 AD2d 571, affd 49 NY2d 1036). The primary con-

cern is the child's best interests which is generally found to be furthered by 'his being nurtured and guided by both of his natural parents' *(Daghir v Daghir, supra,* p 193; see *Weiss v Weiss, supra,* p 175). Nevertheless, resolution of such disputes entails a careful balancing of both the rights and problems of the child and his parents (see *Weiss v Weiss, supra,* pp 176-177; *Daghir v Daghir, supra,* p 195). The courts approach matters of this nature on a case-by-case basis and have, on occasion, permitted a move to a distant domicile (see *Martinez v Konczewski,* 85 AD2d 717, affd 57 NY2d 809; *Cmaylo v Cmaylo,* 76 AD2d 898 *[appeal dismissed* 51 NY2d 770]). It has also been stated that upon a showing of exceptional circumstances, a parent may be deprived of his right to reasonable access to the child. Such exceptional circumstances are 'invariably associated with a situation where either the exercise of such right is inimical to the welfare of the children or the parent has in some manner forfeited his or her right to such access *(Matter of Denberg v Denberg,* 34 Misc 2d 980, 986)' *(Strahl v Strahl, supra,* p 574; see *Weiss v Weiss, supra,* p 175; *Daghir v Daghir, supra,* p 194)." *(Schwartz v Schwartz,* 91 AD2d 628, 629.) *(Accord, Morgano v Morgano,* 119 AD2d 734, 735-736; *Kozak v Kozak,* 111 AD2d 842, 843, *appeal dismissed* 66 NY2d 913.)

In the case at bar, the expert witness testified that although the parties' child harbored a certain resentment against petitioner for her role in his parents' separation, the child's best interest would be served by the reestablishment of a close relationship with petitioner. The expert was of the opinion that the separation from petitioner caused by the move to Baltimore had an adverse impact on the child's development and that, while the child's alienation from petitioner was still "mild", continued separation would create a "high risk" of psychological problems that could be "disastrous to his well-being". There is no suggestion that either party is not a fit and loving parent. Nor has it been demonstrated that any exceptional circumstances exist justifying the curtailment of either party's rights as a natural parent. Based upon the proof in the record, we are of the view that Family Court's disposition of the custody matter furthers the best interest of the child and, therefore, should not be disturbed *(see, Weiss v Weiss, supra; Morgano v Morgano, supra; Kozak v Kozak, supra).*

Order affirmed, with costs. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.