[638 NYS2d 242]

In the Matter of ROSEMARIE MESSLER, Appellant, v DAVID A. MESSLER, SR., Respondent.

Third Department, February 29, 1996

APPEARANCES OF COUNSEL

*Jessica C. Eggleston,* Saratoga Springs, for appellant.

*O'Connell & Aronowitz,* Albany *(James L. Coffin* of counsel), for respondent.

*John J. La Boda, Jr., Law Guardian,* Saratoga Springs, for Robert Messler.

## OPINION OF THE COURT

Spain, J.

Petitioner and respondent were married in 1986 and have one child, Robert (born in 1987). In May 1992, while petitioner prepared to move to Florida with her intended husband, the parties entered into a "stipulation agreement". The stipulation, prepared by petitioner's attorney, provided for, *inter alia*, full custody of Robert to respondent; although the stipulation contains no specific provisions for visitation, it appears that the parties agreed that petitioner would visit with Robert for one month a year and during alternate holiday periods, and that she would have regular telephone access. Since May 1992 there has been sporadic visitation between Robert and petitioner, including a one-month visit in Iowa where petitioner now resides with her intended husband, whom she married after the parties divorced.

By petition dated September 23, 1993, respondent requested that Family Court make certain directions with respect to petitioner's visitation. Thereafter, by petition dated September 27, 1993, petitioner requested custody of Robert, claiming that there had been a change of circumstances relating to Robert's living arrangements and respondent's alleged lack of cooperation with respect to visitation; prior to the commencement of the hearing in Family Court respondent withdrew his petition. After a hearing, Family Court determined that the "compelling circumstances" required in relocation cases (citing *Matter of Clark v Dunn,* 195 AD2d 811) were not proven by petitioner and dismissed her petition. Petitioner appeals.

We affirm. The instant matter is a request, by a noncustodial parent, for a modification of custody; the custodial parent is not seeking relocation. However, the practical effect of granting petitioner's request for modification of custody would be relocation of the child. We must therefore combine our inquiry to include the standards of review set forth for modification of custody and those regarding the relocation of the custodial parent, which inherently includes the relocation of the child. It

is settled law that the primary consideration in any custody matter is the best interest of the child (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *see also*, Domestic Relations Law § 70 [a]). Further, where a move to a distant location by a custodial parent "substantially affects the noncustodial parent's visitation, a presumption arises that * * * such relocation is not in the child's best interest" (*Hathaway v Hathaway*, 175 AD2d 336, 337). This presumption, however, can be rebutted by proof of compelling or exceptional circumstances by the relocating custodial parent (*see, Weiss v Weiss*, 52 NY2d 170, 176-177; *Hathaway v Hathaway, supra*, at 337). Here, as in the case of *Matter of Atkin v McDaniel* (181 AD2d 188), the noncustodial parent has relocated and now seeks custody. There we held the noncustodial parent to the same "exceptional circumstances" burden of proof as a custodial parent in a "relocation" case (*supra*, at 189) and we find no reason to view the instant case any differently.

The threshold issue in any relocation case is not exceptional circumstances but, rather, whether the relocation of the child would negatively affect the fundamental right of reasonable access of the parent left behind, "[i]n recognition of how valuable the mature guiding hand and love of a second parent is to a child" (*Stewart v Stewart*, — AD2d —, 1995 NY Slip Op 11616 [3d Dept, Dec. 21, 1995]; *see, Weiss v Weiss, supra*, at 175); only after it is first established that the proposed move will effectively deprive that parent's frequent and regular access to the child does the presumption that the move is against the child's best interest apply (*see, Matter of Radford v Propper*, 190 AD2d 93, 99-100; *Murphy v Murphy*, 195 AD2d 794, 795).

Because a child's best interest is generally found to be furthered by his or her "being nurtured and guided by both * * * parents" (*Daghir v Daghir*, 82 AD2d 191, 193, *affd* 56 NY2d 938), the relocation rule is inextricably intertwined with the best interest analysis (*see, Matter of Paesch v Paesch*, 130 AD2d 798, 798-799, *lv dismissed* 70 NY2d 723). The rule does not create a standard separate and distinct from the best interest analysis. Rather, the purpose of the rule is to ensure that, in consideration of the best interest of the child, appropriate weight is given to the adverse impact on the child's best interest that can arise when one parent is effectively deprived of regular and meaningful access. If exceptional circumstances are proven by the party seeking to relocate the child, the presumption has been overcome; however, the proponent of the move must also meet the remaining burdens, depending on

the nature of the proceeding (for example, "a subsequent change of circumstances" where modification of an existing judgment or order of custody is sought (Family Ct Act § 652 [a]; Domestic Relations Law § 240), and in all cases the court must consider all other relevant best interest factors (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89, 94; *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903; *Matter of Saunders v Saunders*, 60 AD2d 701).

It is our view that the showing of exceptional circumstances required by the relocation rule is not necessarily limited to the circumstances of the relocating parent's life. Courts approach matters of this nature on a case-by-case basis, considering all of the relevant facts and circumstances, which requires "a careful balancing of both the rights and problems of the child and his [or her] parents" (*Matter of Paesch v Paesch, supra*, at 799). Thus, for example, in *Hathaway v Hathaway* (175 AD2d 336, *supra*) this Court considered not only the relocating parent's claim of better employment opportunities, but also the claim that the children, who were of half-Chinese parentage, would benefit by enrollment in a Hawaiian school system where they could interact with children from similar cultural backgrounds (*see also, Matter of Porter v Fryer*, 142 AD2d 770).

Moreover, when a child's interest in being nurtured and guided by both parents is disrupted by the distant relocation of the custodial parent, the relevant inquiry in determining whether the relocation is justified by exceptional circumstances will necessarily be somewhat different than in the case where the noncustodial parent relocates and then seeks custody of the child. In the former case, the relocating parent can claim the benefit to the child inherent in maintaining stability in the custodial arrangement (*see, Eschbach v Eschbach*, 56 NY2d 167, 171, *supra*), while in the latter case the parent seeking modification of custody and relocation of the child will be confronted with such a claim by the nonrelocating parent. Rather than creating an obstacle to the court's best interest review, the relocation rule establishes a starting point for that review in certain cases.

Accordingly, we conclude that Family Court properly determined, as a matter of law and as fully supported by the record, that the relocation of Robert to Iowa would significantly impair respondent's access and opportunity for visitation, and

that petitioner did not meet her burden to overcome the presumption that the move would not be in Robert's best interest. No further analysis was warranted.

MIKOLL, J. P., WHITE, CASEY and PETERS, JJ., concur.

Ordered that the order is affirmed, without costs.