■ In the Matter of RICHARD H. GRIFFEN, JR., Respondent, v LISA EVANS, Appellant. [652 NYS2d 380] —Crew III, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered September 21, 1995, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody and visitation.

The parties to this proceeding have two children, Catie (born in 1981) and Rebecca (born in 1984). Following their separation in 1987, the parties executed a stipulation and order, entered August 24, 1992, pursuant to the terms of which they were awarded joint legal custody of the minor children, with primary physical custody to respondent and specified visitations to petitioner. Both petitioner and respondent remarried, with petitioner relocating to Florida and respondent remaining with the two children in the City of Ithaca, Tompkins County.

In June 1995, apparently in response to concerns regarding his daughters' welfare, petitioner sought sole custody of the

children. Shortly thereafter, respondent cross-petitioned for similar relief and sought a reduction in petitioner's visitation rights based upon his alleged violation of, *inter alia*, the 1992 stipulation and order. At the conclusion of the hearing that followed, and after interviewing Catie and Rebecca in camera, Family Court, *inter alia*, granted petitioner's application for sole custody and awarded respondent visitation during the children's summer and winter school vacations. This appeal by respondent followed.*

Respondent initially contends that Family Court did not conduct the appropriate "best interest" analysis in reaching its determination. We cannot agree. This matter involves a request by a noncustodial parent for a change in custody that effectively results in relocation of the minor children (*see, Matter of Messler v Messler*, 218 AD2d 157). Although decided prior to the Court of Appeals' decision in *Matter of Tropea v Tropea* (87 NY2d 727), a review of the decision rendered here plainly reflects that Family Court indeed based its determination, which was reached after consideration of a number of relevant factors, upon the best interests of the children—the very standard embraced by the Court of Appeals in *Matter of Tropea v Tropea* (*supra*). Moreover, contrary to respondent's assertion, sufficient evidence was adduced regarding, *inter alia*, each parent's relative fitness and the quality of life each parent would be able to provide the children to permit intelligent appellate review of Family Court's decision.

Turning to the merits, we cannot say that Family Court's decision lacks a sound and substantial basis in the record, as respondent's own testimony reveals that she has exercised poor judgment with respect to her children. During the relevant time period, respondent was involved in two abusive relationships, one of which resulted in her being physically abused in front of her children and, more disturbingly, led to Catie being struck by the individual in question on more than one occasion over a two-year period. In this regard, respondent candidly acknowledged that she did not inform anyone that Catie was being abused—despite the fact that such incidents left bruises on the child. Additionally, respondent admitted smoking marihuana while the children were in the house and occasionally did so in their presence. Respondent's ability to effectively parent and control her children also was in question, as evidenced by the fact that Catie missed 61 days of school during the 1994-1995 academic year.

---

* Respondent's motion for a stay pending appeal was denied in October 1995.

Based upon this and other evidence in the record, we cannot say that Family Court erred in determining that a change in custody was in the children's best interest. We do, however, believe that there was insufficient evidence to justify an award of sole legal custody to petitioner, as the record before us fails to indicate that the parties were so acrimonious, embattled and embittered as to effectively preclude joint decision-making (*see generally, Braiman v Braiman*, 44 NY2d 584, 589-590).

We also are of the view that respondent is entitled to a redetermination of her visitation schedule with the children. In awarding respondent visitation, Family Court simply "reversed" the prior custodial situation and granted respondent the same visitation that petitioner previously had enjoyed. Even petitioner acknowledged at the hearing that six weeks of visitation simply is not a sufficient period of time, and the schedule imposed by Family Court does not appear to take into consideration, *inter alia*, the children's relationship with their mother and their need to maintain that bond or the impact that respondent's then-existing financial situation would have upon her ability to visit her children. Accordingly, we deem it appropriate to remit this matter to Family Court for a more reasoned determination as to visitation, including the taking of additional proof on this issue, if necessary, given the length of time that has elapsed since Family Court's initial determination.

Respondent's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as granted petitioner sole legal custody and determined respondent's visitation schedule; matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.