■ In the Matter of KATHLEEN M. BODRATO, Respondent, v ROBERT R. BIGGS, Appellant. [710 NYS2d 470] —Rose, J. Appeal from an order of the Family Court of Schenectady County (Lewis, J.H.O.), entered October 26, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

The parties are the parents of two children, Robert (born in 1991) and Kayleigh (born in 1993). After a series of prior petitions and orders, Albany County Family Court entered an order, dated January 17, 1997, directing that the parties have joint custody of the children, with primary physical custody granted to petitioner. In late May 1997, after petitioner left the children with respondent and relocated to New Jersey, he petitioned for modification of the January 1997 order. Upon petitioner's default, Family Court modified the January 1997 order "without prejudice" to the rights of petitioner and, in an order not dated and entered until October 6, 1997, granted primary physical custody of the children to respondent. The children spent the entire summer with petitioner in New Jersey, and petitioner contends that she received no notice of respondent's petition or Family Court's order until she sought to relocate the children to New Jersey that fall.

On November 24, 1997, petitioner commenced this proceeding seeking to modify the October 6, 1997 order by returning the children to her physical custody. On December 1, 1997, the proceedings were transferred from Albany County Family Court to Schenectady County Family Court and, on December 2, 1997, petitioner filed a second petition for modification of the October 6, 1997 order in Schenectady County Family Court. Following fact-finding, home studies, psychological evaluations and *Lincoln* hearings, Family Court issued a seven-page decision detailing numerous facts that were found to be significant in determining that it would be in the children's best interests to award sole legal and physical custody to petitioner and permit her to relocate the children to her New Jersey residence. Respondent appeals.

Respondent initially contends that the October 6, 1997 order established the parties' custodial rights and that, because petitioner failed to move to vacate the order, it was not ap-

propriate for Family Court to modify custody based on facts and circumstances existing prior to that order. However, since the order was entered with the notation that it was "without prejudice" to the rights of petitioner, we find no constraint upon petitioner's ability to present all relevant facts and circumstances to Family Court for its consideration of a modification of custody.

Respondent also contends that Family Court's determination was improper because petitioner failed to allege or prove a significant change of circumstances warranting a modification of custody. It is well settled that "[a]lteration of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the continued best interests of the children" (*Matter of Crawson v Crawson*, 263 AD2d 656, 657; *see*, *Matter of Royea v Hutchings*, 260 AD2d 678). We find that petitioner did, in fact assert a change of circumstances in her petition and that Family Court properly determined that there was a change in circumstances sufficient to warrant modification.

In her petition dated December 2, 1997, petitioner alleged that a modification of custody was warranted because respondent was not properly caring for the children. The record testimony, which Family Court fully credited, indicated that respondent's apartment was filthy and unhealthy, and did not have hot water or sheets on the children's beds. Without any rational explanation, respondent also refused to maintain a telephone in his home until petitioner had one installed at her expense so that she could contact the children. In addition, the record contains evidence of respondent's drug and alcohol use, as well as the dealing of drugs out of his apartment. Moreover, the record indicates that in November 1997, respondent physically assaulted petitioner in the apartment. In light of this evidence, Family Court properly found that there were circumstances warranting modification of the October 6, 1997 order.

Finally, respondent contends that petitioner failed to establish that relocation to New Jersey with petitioner was in the best interests of the children. Although this proceeding technically is not an application for relocation because petitioner was the noncustodial parent when she moved to New Jersey in June 1997 and when she applied for modification of the October 6, 1997 order (*see*, *Matter of Messler v Messler*, 218 AD2d 157, 159), Family Court's determination here was still required to be based upon the best interests of the children under the holding in *Matter of Tropea v Tropea* (87 NY2d 727) (*see*, *Matter of Griffen v Evans*, 235 AD2d 720, 721).

Consideration of "whether the relocation of the child would negatively affect the fundamental right of reasonable access of the parent left behind" clearly is essential (*Matter of Messler v Messler, supra*, at 159). However, in this case, the relocation of the children to upstate New Jersey proposed by petitioner will not result in denying respondent reasonable access to the children because Family Court's order requires petitioner to transport the children to respondent's residence for visitation every other weekend. The order also directs that respondent will have the children for four weeks in the summer and that the parties will share holidays equally. As a result, the record does not suggest that relocation of the children would negatively affect respondent's ability to maintain his relationship with them (*see, Matter of Crawson v Crawson, supra*).

We further find strong evidentiary support for Family Court's determination that, despite the Law Guardian's contrary position at trial, the children's relocation to petitioner's residence in New Jersey is in their best interests, and that there was a full assessment of the relevant factors to be considered in such a determination (*see, Matter of Spencer v Small*, 263 AD2d 783, 784-785). According great deference to Family Court's numerous findings due to its unique opportunity to assess the credibility of the witnesses, we conclude that the contrasting home environments offered by the parties provide a sound and substantial basis for the court's determination that the children's best interests would be served by relocating to petitioner's home in New Jersey (*see, Matter of Hrynko v Blaha*, 271 AD2d 714, 715-716).

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.