▇ In the Matter of JOHN HH., Respondent, v BRANDY GG., Appellant. [859 NYS2d 274]—

Rose, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered January 16, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a daughter born in 1995. By a court order issued upon consent in May 1996, the parties were awarded joint custody, with the mother having primary physical custody and the father having weekly visitation. In October 2005, the father filed a petition seeking modification of custody alleging that, among other things, the daughter had been sexually molested by the mother's son Todd in 2003, when the daughter was eight years old and her son was 15 years old, and that the mother failed to recognize the danger of abuse posed by her son and others in her household. Following a hearing at which conflicting evidence was presented as to the alleged sexual abuse, Family Court issued an order that, among other things, granted primary physical and legal custody to the father. The mother now appeals.

We agree with Family Court that the father made "a showing of sufficient change in circumstances reflecting a real need for

change in order to insure the continued best interest of the child" (*Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903, 903 [1992]; *see e.g. Matter of Grant v Grant*, 47 AD3d 1027, 1028 [2008]). By presenting testimony of his stepson and stepdaughter that Todd had sexually abused the daughter and both stepchildren, and that the mother nonetheless refused to believe that the daughter was sexually abused and took no steps to prevent a recurrence, he established such a change in circumstances. Although the daughter and the mother denied any sexual contact between her son and the daughter, Family Court found that the daughter clearly had been coached, and credited the testimony of the two stepchildren in finding that Todd had sexual contact with the daughter and other children in the mother's home. In addition, we note that Todd did not testify at the hearing. Finding no basis to conclude that the testimony of the stepchildren was incredible as a matter of law, we defer to Family Court's opportunity to assess witness credibility and will not disturb its findings (*see Matter of Bedard v Baker*, 40 AD3d 1164, 1165 [2007]; *Matter of Wendy Q. v Richard Q.*, 36 AD3d 1000, 1001 [2007]; *Matter of Anson v Anson*, 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005]).

Where a sufficient change in circumstances is established, a number of factors must be considered in determining the child's best interests (*see Matter of Diffin v Towne*, 47 AD3d 988, 990 [2008], *lv denied* 10 NY3d 710 [2008]; *Matter of Kilmartin v Kilmartin*, 44 AD3d 1099, 1102 [2007]). Here, Family Court found the home environments of both parents to be flawed by excessive use of alcohol and drugs as well as poor judgment in dealing with their children, but that each parent also has a good relationship with the daughter and is otherwise capable of providing for her needs. In viewing all of the circumstances, together with the fact that the mother excluded the father from seeing the daughter for nearly six months and was found to have violated Family Court's order of protection, we are not persuaded that the court erred in making the continuing risk of sexual abuse of the daughter its paramount concern and in awarding custody of her to the father.

We also are unpersuaded by the Law Guardian's argument that a negative inference should be drawn from the father's failure to call his wife as a witness to rebut allegations about conditions in his home. While Family Court had the discretion to draw such an inference (*see Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 42-43 [1980]), we cannot say that it abused that discretion in declining to do so here. Having reviewed the remaining arguments, we find no basis to disturb

Family Court's determination that placing custody of the daughter with the father is in her best interests.

Mercure, J.P., Peters, Carpinello and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.