■ In the Matter of Roy John Zwack, Respondent, v Andrea Kosier, Appellant. [876 NYS2d 717]—

Malone Jr., J. Appeal from an order of the Family Court of Rensselaer County (Cholakis, J.), entered July 5, 2007, which,

---

among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of a daughter (born in 1997). Family Court initially ordered joint legal custody and awarded physical custody to respondent (hereinafter the mother), who resided in the Town of East Greenbush, Rensselaer County. An October 2006 order, embodying the parties' August 2006 stipulation, found that the mother had willfully violated the previous custody order and set out a detailed visitation and telephone access schedule for petitioner (hereinafter the father), who resided in Michigan, and his family members. The October 2006 order also directed that the penalty for any violation by the mother would be the transfer of physical custody to the father. Shortly after the October 2006 order was entered, both parties filed petitions alleging various violations of the stipulation and order, with the father additionally seeking an award of physical custody. Family Court temporarily granted the father physical custody of the child and, following an extensive hearing, awarded him sole legal and physical custody. The mother now appeals.

We affirm. "It is by now well settled that 'an existing custody arrangement will not be modified unless changed circumstances have occurred since the entry of the prior custody order impacting the child's best interests' " (*Posporelis v Posporelis*, 41 AD3d 986, 988 [2007], quoting *Matter of Deuel v Dalton*, 33 AD3d 1158, 1159 [2006]; *see Matter of Gorham v Gorham*, 56 AD3d 985, 986 [2008]). A best interests analysis is required even where, as here, the parties agreed to an automatic change in custody "upon one's failure to satisfy a condition or the happening of a specified event" (*Posporelis v Posporelis*, 41 AD3d at 989). Assuming, without deciding, that the father remained obliged to demonstrate a change in circumstances in the wake of the parties' stipulation (*see id.*), such a change, showing the unworkability of joint legal custody, was apparent here given the almost immediate violations of the stipulation and October 2006 order by the mother, the lack of communication between the mother and the father or his family and the mother's statements that she had no reason to talk to the father and saw no need to discuss issues regarding the child with him (*see Matter of Ferguson v Whible*, 55 AD3d 988, 990 [2008]; *Matter of Harper v Jones*, 292 AD2d 649, 650 [2002]).

Upon determining that a change of circumstances had occurred which impacted upon the child's best interests, Family Court was required to reconsider the custodial arrangement

then in place (*see Matter of McGovern v McGovern*, 58 AD3d 911, 914 [2009]). Both the mother and the Law Guardian argue that the best interests of the child would be served by awarding physical custody to the mother. In determining what custodial arrangement would be in the best interests of the child, the relevant factors include "maintaining stability in the child's life, the wishes of the child, the quality of the home environment, each parent's past performance, relative fitness and ability to guide and provide for the child's intellectual and emotional development, and the effect the award of custody to one parent would have on the child's relationship with the other" (*Matter of Fletcher v Young*, 281 AD2d 765, 767 [2001]; *see Matter of Smith v Miller*, 4 AD3d 697, 698 [2004]).

According appropriate deference to the credibility determinations made by Family Court in rendering its decision, we agree with it that the best interests of the child lie in awarding physical custody to the father (*see Matter of Goldsmith v Goldsmith*, 50 AD3d 1190, 1192-1193 [2008]). There is no question that the child has spent the bulk of her life with the mother, has maintained a loving relationship with her, and that questions do exist regarding the level of the father's involvement with the child. However, the evidence indicates that the father was more willing than the mother to allow the child to establish or maintain relationships with the other parent as well as other family members, including the mother's grandmother. The father was employed, had a room for the child at his home, and the child received help with her homework from both the father and his wife.[*] The father also continued to keep the child in counseling and discussed hiring a tutor with the school counselor. In contrast, the mother lived with her parents, the child and the mother slept in the same room while she had custody, and the mother failed to consistently attend court-ordered counseling. Moreover, although the child preferred her school in New York, she stated that she enjoyed being with both parents.

Lastly, we note that, although the father was the noncustodial parent and had lived in Michigan for some time, Family Court should have considered whether relocation of the child was in the child's best interests (*see Matter of Bodrato v Biggs*, 274 AD2d 694, 695 [2000]; *Matter of Messler v Messler*, 218 AD2d 157, 158-159 [1996]). Although the mother did not specifically

---

[*] Although the Law Guardian stated that the father's wife and children had moved out, Family Court properly declined to consider that and other facts outside the record cited in the Law Guardian's posttrial recommendations (*see Matter of Treider v Lamora*, 44 AD3d 1241, 1243 [2007], *lv denied* 9 NY3d 817 [2007]; *Weiglhofer v Weiglhofer*, 1 AD3d 786, 788 n [2003]).

raise the issue before Family Court, the relocation issue is enmeshed with the best interests analysis and "the court must consider all [material] factors" in making its custodial determination (*Matter of Messler v Messler*, 218 AD2d at 160). Having said that, the record before us permits informed consideration of the issue (*see Matter of Harder v Yandoh*, 228 AD2d 814, 816 [1996]). The change in custody was otherwise desirable and Family Court made generous visitation provisions that allowed the mother visitation on alternate holidays and school vacations, in addition to several consecutive weeks of visitation with the child every summer (*see Matter of Bodrato v Biggs*, 274 AD2d at 696). Under these circumstances, we find that the change in custody was in the child's best interests, notwithstanding the relocation.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.