■ In the Matter of TIMOTHY V., Respondent, v RENE W., Appellant. [879 NYS2d 641]—

Spain, J.P. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered February 26, 2008, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are parents of a son born in 1994, just after the father turned 16 years of age and the mother was 28 years of age. The father, who had absconded from a social services' placement at the age of 14 and commenced living with the mother as her boyfriend, continued to reside with her and her two young children until he was 18 years old. In 1997, when the father was 19 years old, the parties, acting pro se, entered into a stipulated custody order in Family Court which granted the mother sole legal and physical custody of the son, and provided the father

with three weekends of parenting time per month. In 2007, the then 29-year-old father filed this petition for modification of custody seeking sole legal and physical custody alleging that the mother had failed to adequately provide for the son's educational, counseling, and medical/dental needs. Following fact finding, including a *Lincoln* hearing with the parties' then 13-year-old son, Family Court made lengthy findings and issued an order of modification awarding the parties joint legal custody, continuing the mother's primary physical custody until the end of the 2007-2008 (eighth grade) school year, and awarding the father primary physical custody thereafter. The order granted the mother extensive parenting time, including all breaks, vacations and weekends during the school year, and all but two weeks of the summer vacation, during which the father has alternate weekends. The mother appeals.

At the hearing, the parties were the only witnesses to testify. The mother lives in Columbia County with her boyfriend of eight years and the son. She suffers from a progressive degenerative disease and has been on disability since 2002. The father lives in northwestern Connecticut, about 30 minutes away, with his wife and their seven-year-old son (hereinafter the younger son). They are both employed full time, the father in a management position that allows him to be at home when his younger son gets out of school, and he owns their home. He has never paid the mother child support, although there was reportedly a court order to do so. However, he testified, without contradiction, that he gave the mother and the son money directly to pay for what the son needed and often bought things for him. He has consistently taken advantage of his parenting time with the son, although he has not attended any school activities or communicated with his son's teachers. He testified that special educational services are available in the school district where he resides, but no details were provided.

Upon review, we find that while both parents appear to care deeply for their son, neither is faultless. Family Court's determination to change primary physical custody to the father is, however, supported by a sound and substantial basis in the record and, as such, it will be upheld (*see Matter of Passero v Giordano*, 53 AD3d 802, 803 [2008]). Although this was an established custody arrangement of some 10 years, presumably requiring a substantial change in circumstances analysis, it was based upon the parties' stipulation without a hearing when the father was 19 years old, having been the victim of the mother's sexual abuse. Indeed, under these extraordinary circumstances, the parties' stipulation is entitled to little, if any, weight (*see Matter of Burch v Willard*, 57 AD3d 1272, 1272-1273 [2008]).

The record reflects that the son has learning disabilities for which he is in special educational classes and was doing "very poorly" in eighth grade, as Family Court correctly noted, and that he has escalating behavioral problems. We accord great deference to Family Court's credibility determinations (*see Matter of Passero v Giordano*, 53 AD3d at 803) in its finding that the mother "does not assist [the son with his homework] to the extent he requires . . . [and has not] taken adequate steps to make sure that he has indeed sought the assistance consistent with his [Individual Education Plan]." With regard to the parties' testimony that their son had reported being sexually abused by a family friend when he was younger—which the court concluded had likely occurred—and the disclosure by the father's younger son that the son had sexually abused him, the accuracy of which the court was unable to determine,[1] the record reflects that the mother had taken the son intermittently to different counselors for counseling but no proof was submitted as to whether this counseling had been adequate. However, the court justifiably concluded that the mother's testimony, including that regarding the son's counseling and missed appointments and—in light of her past history—her failure to pursue counseling for herself, show that "she has thus far failed to recognize the serious nature of sexual abuse and the serious nature of [the] sexual abuse she herself engaged in with respect to [the father]." Notably, the court found her less than straight forward and "extremely reluctant[ ]" to accept responsibility for her conduct toward the father.

While Family Court did not find sufficient evidence to support many of the allegations against the mother,[2] its finding of a " 'sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child' " is fully supported by the record (*id.* at 803, quoting *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903, 903 [1992]). Although, unfortunately, little is known of the quality of the parties' respective home environments, giving consideration to

---

1. While Family Court's modification order here required the father to obtain a psychological exam of his younger son with a report to be sent to the court and all parties prior to the change in custody to ensure that the son does not pose a danger to the younger son, the record does not reflect the results thereof. The father has not submitted a brief on this appeal and the Law Guardian's brief does not address that important mandate. The father and his wife declined to have a law guardian appointed for the younger son.

2. Family Court found insufficient evidence that the mother used excessive corporal punishment, subjected the son to domestic violence, reacted inappropriately to a kissing incident between the son and a cousin or provided inadequate medical or dental care.

all relevant factors (*see Matter of De Hamel v Porto*, 22 AD3d 893, 894 [2005]; *see also Matter of Passero v Giordano*, 53 AD3d at 803-804), Family Court had sound support in the record for its conclusion that it was in the son's best interests to primarily reside with his father "to have adequate opportunity to mature and grow safely and under circumstances in which not only will he not be a victim again but [under which] he will not be an offender himself." Accordingly, the order should be affirmed.

Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.