■ In the Matter of GARY SAMUEL, Respondent, v JENNIFER SAMUEL, Appellant. (And Three Other Related Proceedings.) [881 NYS2d 729]—

Malone Jr., J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered May 23, 2008, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

The parties are the divorced parents of a daughter (born in 2000). In March 2006, Family Court (Hall, J.) entered an order upon the parties' stipulation whereby petitioner (hereinafter the father) and respondent (hereinafter the mother) shared joint legal custody of the daughter, the mother had primary physical custody and the father was entitled to regular parenting time. In October 2007, the mother was arrested after she hit the daughter with a belt; she pleaded guilty to endangering the welfare of a child, was placed on probation and ordered to attend parenting classes. Following the incident, the father promptly commenced a proceeding seeking sole physical custody of the daughter.* Family Court (Abramson, J.) temporarily placed the daughter in the father's custody and, following a fact-finding hearing, modified the 2006 order by granting physical custody to the father and regular parenting time to the mother. The mother appeals and we now affirm.

* None of the related proceedings is at issue in this appeal.

A petitioner seeking modification of an existing custody arrangement is required to demonstrate that, because of a significant change in circumstances, modification is necessary to further the child's best interests (*see Matter of Passero v Giordano*, 53 AD3d 802, 803 [2008]; *Matter of John HH. v Brandy GG.*, 52 AD3d 879, 879-880 [2008]; *Matter of Diffin v Towne*, 47 AD3d 988, 990 [2008], *lv denied* 10 NY3d 710 [2008]). Family Court's determinations will remain undisturbed where, as here, a sound and substantial basis for them exists in the record (*see Matter of Timothy V. v Rene W.*, 63 AD3d 1210, 1211-1212 [2009]; *Matter of Filippelli v Chant*, 40 AD3d 1221, 1222 [2007]). Although Family Court's decision does not specifically address whether petitioner demonstrated a sufficient change in circumstances, our review of the record substantiates the court's fact-findings, and we are satisfied that circumstances had changed such that a review of the daughter's best interests was necessary (*see Matter of Bedard v Baker*, 40 AD3d 1164, 1165 [2007]; *Matter of Drew v Gillin*, 17 AD3d 719, 720 [2005]). Most significantly, the mother admitted at the fact-finding hearing that she struck the daughter with a belt. The record reflects that she was arrested, charged with felony assault and ultimately pleaded guilty to endangering the welfare of a child. In addition, although the mother had physical custody of the daughter until November 2007, she was unable to name the daughter's teacher, nor had she visited the daughter's school at all during the 2007-2008 school year.

Next, Family Court was required to look to the child's best interests in crafting a new arrangement, considering a range of factors (*see Matter of Zwack v Kosier*, 61 AD3d 1020, 1022 [2009]; *Matter of John HH. v Brandy GG.*, 52 AD3d 879, 880 [2008]; *Matter of Goldsmith v Goldsmith*, 50 AD3d 1190, 1191-1192 [2008]). According due deference to the court's credibility determinations, we find a sound and substantial basis in the record for its custody determination (*see Matter of Zwack v Kosier*, 61 AD3d at 1022; *Matter of Diffin v Towne*, 47 AD3d 988, 990 [2008], *lv denied* 10 NY3d 710 [2008]). Among other reasons, and in addition to the mother's admission to having struck the daughter, Family Court cited the father's care and his attention to her physical and emotional health.

Spain, J.P., Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.