■ In the Matter of SAVANNAH LOVE JOY F., an Infant. ANDREA D., Appellant; EPISCOPAL SOCIAL SERVICES, Respondent, et al., Petitioner. In the Matter of SAVANNAH LOVE JOY F., an Infant. FREDDY F., Appellant; EPISCOPAL SOCIAL SERVICES, Respondent. [973 NYS2d 165]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about August 7, 2012, which, upon a fact-finding determination that respondent father's consent was not required for the child's adoption pursuant to Domestic Relations Law § 111, and that respondent mother suffers from a mental illness, terminated the mother's parental rights and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The evidence, including testimony from a court-appointed psychologist who examined respondent mother, provided clear and convincing evidence that she is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child (*see* Social Services Law § 384-b [4] [c]; [6] [a]; *Matter of Sebastian M.*, 64 AD3d 401 [1st Dept 2009]). The psychologist testified that respondent mother suffers from, inter alia, bipolar disorder, which interferes with her ability to care for the child, placing the child at risk of becoming neglected if she is returned to her mother's care. Moreover, respondent mother's testimony confirms that she lacks insight into the nature and extent of her mental illness (*see Matter of Thaddeus Jacob C. [Tanya K.M.]*, 104 AD3d 558 [1st Dept 2013]).

Contrary to respondent mother's contention, the Family Court properly exercised its discretion by drawing a negative inference against her for failing to call her treating physician or other medical providers to rebut the allegations raised in the petition and by the testimony after she expressed an intention to call her providers (*see Matter of John HH. v Brandy GG.*, 52 AD3d 879, 880 [3d Dept 2008]).

The Family Court did not err in denying respondent mother's application for a suspended judgment. This dispositional alternative is not available after a fact-finding determination of mental illness (*see* Social Services Law § 384-b [3] [g]; [4] [c];

*Matter of Sarah-Beth H.*, 34 AD3d 242, 243 [1st Dept 2006]). Moreover, a preponderance of the evidence demonstrated that it is in the child's best interests to terminate respondent mother's parental rights and free the child for adoption, because respondent has not made significant progress in overcoming the problems that caused the child to enter foster care and the child has bonded with her foster mother with whom she has lived for nearly all of her life.

The record contains clear and convincing evidence that respondent father did not satisfy Domestic Relations Law § 111 (1) (d) by providing the child with financial support and maintaining regular communication with his daughter or the agency. The agency's alleged failure to instruct him to provide financial support for his daughter does not excuse him from doing so (*see Matter of Giovannie Sincere M. [Dennis M.]*, 99 AD3d 635, 635-636 [1st Dept 2012]). Concur—Acosta, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.