Appeal from an order of the Supreme Court, Monroe County (Richard A. Dollinger, A.J.), entered October 19, 2016. The order, insofar as appealed from, enforced the residency provision of the parties’ Separation/Opting Out Agreement and denied that part of the cross motion of plaintiff seeking to modify the custody and visitation provisions of that agreement.
 

 It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the first and third ordering paragraphs are vacated and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In this post-divorce proceeding, plaintiff father, as limited by his brief, appeals from those parts of an order that enforced the residency provision of the parties’ Separation/Opting Out Agreement (Agreement) and denied that part of his cross motion seeking to modify the custody and visitation provisions of the Agreement. The Agreement provided for joint custody of the parties’ child, with primary residence with defendant mother. Following the parties’ divorce, the father relocated to the residence of his fiancée and their child. The Agreement expressly contemplated that the mother would relocate when the parties’ child was to commence kindergarten, and the father agreed in that event to maintain his residence within a 15-mile radius of the mother’s residence. After the mother relocated, the father continued to maintain his residence with his fiancée and their child, which is located more than 15 miles from the mother’s new residence. The mother thereafter moved to modify the visitation provisions of the Agreement and cross-moved for, inter alia, an order enforcing the provision of the Agreement requiring that the father maintain a residence within 15 miles of her new residence. The father cross-moved for an order modifying the custody and visitation provisions of the Agreement and requiring that the parties undergo a custodial or psychological evaluation. Supreme Court, among other things, denied the father’s cross motion and ordered that the father had three months to establish a residence within 15 miles of the mother’s new residence. We note that the court thereafter granted the father’s motion to stay that part of the order concerning the residence requirement.
 

 We agree with the father that the court erred in giving him a deadline to relocate within the 15-mile radius provided in the Agreement without conducting a hearing, and that the court further erred in denying that part of the father’s cross motion seeking modification of the custody and visitation provisions of the Agreement, also without conducting a hearing. We therefore reverse the order insofar as appealed from, and we remit the matter to Supreme Court for a hearing to determine whether to enforce or modify the Agreement.
 

 While “ ‘[a] hearing is not automatically required whenever a parent seeks modification of a custody order’ ” (Matter of Knuth v Westfall, 72 AD3d 1642, 1642 [4th Dept 2010]), here we conclude that the combined effect of the parties’ “relocation^] was a change of circumstances warranting a reexamination of the existing custody arrangement” at an evidentiary hearing (Matter of Muniz v Paradizo, 258 AD2d 970, 970 [4th Dept 1999]; see Matter of Dench-Layton v Dench-Layton, 123 AD3d 1350, 1351 [3d Dept 2014]). While the parties’ Agreement provided that the father must reside within a 15-mile radius of the mother’s residence upon her relocation, the overriding consideration in determining whether to enforce such a provision is the child’s best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]; Matter of Bodrato v Biggs, 274 AD2d 694, 695 [3d Dept 2000]; Matter of Griffen v Evans, 235 AD2d 720, 721 [3d Dept 1997]). It is impossible to determine on this record the effect on the child of enforcing or modifying the Agreement, and we conclude that the parties should be afforded an opportunity to present evidence concerning the child’s best interests.
 

 Present—Whalen, P.J., Smith, Lindley, NeMoyer and Curran, JJ.